NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROGER A. LAZAROVICH,  :
: Civil Action No. 06-2093 (NLH)
      Petitioner,  :
:
v.  : **OPINION**
:
LYDELL B. SHERRER, et al.,  :
:
      Respondents.  :

**APPEARANCES:**

    ROGER A. LAZAROVICH, Petitioner Pro Se
    #296976
    Northern State Prison
    168 Frontage Road
    Newark, New Jersey 07114

    CAROL MARIE HENDERSON, ESQ.
    Office of the New Jersey Attorney General
    Appellate Section
    P.O. Box 086
    Trenton, New Jersey 08625
    Counsel for Respondents

**HILLMAN**, District Judge

    This matter is before the Court on Petitioner Roger A. Lazarovich's petition for habeas corpus relief under 28 U.S.C. § 2254. For reasons discussed below, the petition for habeas corpus relief will be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

I.  PROCEDURAL BACKGROUND

In 1988, petitioner, Roger A. Lazarovich ("Lazarovich") and his former wife, were jointly charged in Camden County Indictment No. 2668-10-88 with three counts of second degree aggravated assault against their infant daughter, and one count of endangering the welfare of a child, based on a series of assaults in 1984 that resulted in the baby suffering numerous broken bones, a fractured skull, broken teeth and bruises. Before trial, Lazarovich's wife pleaded guilty and agreed to testify at her husband's trial. Lazarovich also testified at trial. He was convicted of all charges.

On April 28, 1989, Lazarovich was sentenced to an aggregate prison term of 30 years with 15 years parole ineligibility.[1] This sentence was to run consecutive to petitioner's Massachusetts state court conviction.[2] Lazarovich filed a direct

---

[1] The trial court sentenced Lazarovich to three consecutive prison terms of ten years each, with five years parole ineligibility for the second degree aggravated assault convictions. The endangering the welfare of a child conviction was merged with the aggravated assault convictions.

[2] After the 1984 assaults in New Jersey, Lazarovich's daughter was removed from his custody by the Division of Youth and Family Services. She was returned to Lazarovich's care and custody in April 1986, and petitioner and his wife and daughter moved to Massachusetts. In January 1987, Lazarovich's daughter was admitted to a Massachusetts hospital with multiple bruises, contusions, fractures of the right arm and clavicle, dehydration, and paralysis of the right side. Both petitioner and his former wife were convicted in Massachusetts for mayhem and assault and battery for causing these 1987 injuries to their daughter. Lazarovich was sentenced to a prison term of 15 to 20 years.

appeal from his New Jersey conviction and sentence. The New Jersey Appellate Division affirmed the conviction and sentence in a per curiam opinion filed on November 8, 1991. The New Jersey Supreme Court denied certification on February 27, 1992.

On March 4, 1993, Lazarovich filed a pro se petition in state court seeking to modify his sentence. He raised numerous claims alleging that he was denied due process and a fair and impartial trial. On November 8, 1995, Lazarovich's counsel filed a supplemental brief in support of a petition for post-conviction relief ("PCR"), raising claims of ineffective assistance of counsel and prosecutorial misconduct. A second supplemental brief was filed by Lazarovich, pro se, on April 29, 1998. Several months later, on September 14, 1998, Lazarovich's counsel filed a brief in support of a motion to vacate the trial and judgment of conviction based on prosecutorial misconduct. Hearings on these motions (collectively, Lazarovich's first state PCR proceedings) were held on June 21 and 22, 1999. On June 22, 1999, the Honorable Louis F. Hornestine, J.S.C., denied the PCR petition, but gave Lazarovich's counsel an opportunity to re-open the matter upon submission of reliable evidence to support petitioner's claims. However, the court ruled that five grounds raised by petitioner were procedurally barred under N.J. Ct.R.

3:22-5.³  No additional evidence was submitted to the trial court, and on February 25, 2000, Judge Hornestine entered an order denying the PCR petition and the motion to vacate judgment due to prosecutorial misconduct.

Lazarovich appealed from denial of his post-conviction motions.  The Appellate Division issued a per curiam Opinion on October 30, 2003, affirming the trial court's denial of post-conviction relief.  The New Jersey Supreme Court denied certification on February 19, 2004.

Thereafter, on June 17, 2004, Lazarovich filed a second pro se PCR petition in state court.  By letter Order issued on June 6, 2005, the Honorable Irvin J. Snyder, J.S.C., denied petitioner's request for appointment of counsel, pursuant to N.J.Ct.R. 3:22-6(b), finding no good cause for assignment of counsel on a second or subsequent PCR petition.  On July 25, 2005, Judge Snyder issued a letter opinion denying the second PCR petition on the grounds that petitioner "failed to articulate any supportable grounds for the allegations contained in" the petition.  (Da266).  A separate Order denying the second PCR petition was entered on the same date, July 25, 2005.  (Da267).

---

³ These five issues included (1) petitioner's sentence; (2) petitioner's statements to the Division of Youth and Family Services ("DYFS"); (3) Rule 55 evidence; (4) evidence of co-defendant's (Lazarovich's former wife) Massachusetts' sentence; and (5) the jury's alleged knowledge of the victim's injuries in Massachusetts.

4

On December 28, 2005, the State filed a motion for summary affirmance of the trial court's decision denying the second PCR petition, pursuant to N.J.Ct.R. 2:8-3(b). On February 2, 2006, the Appellate Division granted the State's motion and affirmed denial of the second PCR petition. The Appellate Division expressly found that the second petition was procedurally barred, pursuant to N.J.Ct.R. 3:22-5, because all the issues raised by petitioner, except one, had been previously adjudicated.[4] The court further determined that the entire petition was time-barred because it was filed 15 years after the judgment of conviction was entered, and long after the five-year period allowed under N.J.Ct.R. 3:22-12. The court found no excusable neglect for the untimely petition. The New Jersey Supreme Court denied certification on April 4, 2006.

Lazarovich then filed this § 2254 petition on or about May 3, 2006. An answer was filed by the respondents on August 18, 2006. Lazarovich filed objections to the respondents' answer on September 6, 2006. He also submitted an application for appointment of counsel.

---

[4] The issue that had not been raised by Lazarovich on direct appeal or in his first PCR proceedings involved an allegation that his first PCR counsel was ineffective. This is not a cognizable claim on federal habeas review. See 28 U.S.C. § 2254(i)("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

## II. STATEMENT OF CLAIMS

Lazarovich raises numerous grounds for habeas relief in his § 2254 petition, claiming violations of due process, ineffective assistance of counsel and prosecutorial misconduct.

The State answered the petition asserting several affirmative defenses. First, the State contends that the action is time-barred. Second, the State asserts that the allegations of trial court error and evidentiary ruling fail to state a claim upon which federal habeas relief may be granted. Third, the State argues that Ground Four of the petition, regarding the co-defendant's vacated plea agreement, is procedurally defaulted because it was time-barred for review in the state court. Finally, the State argues that Lazarovich's claims lack merit and should be dismissed.

## III. STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

6

IV.  STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d at 111. See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the

7

pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns, 134 F.3d at 111. However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[5] during the period between

---

[5] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or

a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17

---

on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

(2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).[6] Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the

---

[6] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Here, Lazarovich's judgment of conviction became final in 1992, well before the enactment of AEDPA. Thus, he would have had one year from April 24, 1996, or until April 23, 1997, to timely file his federal habeas petition.

However, this Court also finds that there was statutory tolling of the limitations period under § 2244(d)(2), before April 23, 1997, because Lazarovich had filed his first state PCR petition on or about March 4, 1993, and it remained pending until February 19, 2004, when the New Jersey Supreme Court denied certification on Lazarovich's appeal from denial of post-conviction relief. See Stokes, 247 F.3d at 542 ("the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)"). Therefore, the limitations period began to run on February 19, 2004.

Lazarovich argues that his second state PCR petition, filed on June 17, 2004 (almost four months after the one-year

limitations period began to run), also tolled the statute of limitations until it concluded on April 4, 2006, when the New Jersey Supreme Court denied certification. He then filed his federal habeas petition on May 3, 2006, less than one month later, and seven months before the one-year limitations period would have expired.

The State asserts, however, that Lazarovich's second state PCR petition was not properly filed to allow statutory tolling under § 2244(d)(2) because the PCR petition was found to be untimely by the state court. In particular, N.J.Ct.R. 3:22-12(a) requires that state PCR petitions be filed within five years from the entry of the judgment of conviction, unless petitioner can demonstrate excusable neglect.[7] Here, Lazarovich's second PCR petition was filed 15 years after the 1989 judgment of conviction, substantially beyond the five-year time limit permitted under R. 3;22-12(a). Thus, because the Appellate Division held that Lazarovich's second PCR petition was untimely and not properly filed, he is not entitled to statutory tolling. The State relies on Pace v. DiGuglielmo, 544 U.S. 408 (2005).

In Pace, the Supreme Court held that petitioner's state PCR petition, which was rejected by the state court as untimely under state statute of limitations, was not a "properly filed"

---

[7] Unlike 28 U.S.C. § 2244(d)(1)(a), the limitations period under Rule 3:22-12(a) commences upon entry of the judgment at issue, not the conclusion of direct appellate review.

12

application, within the meaning of the statutory tolling provision of 28 U.S.C. § 2244(d)(2). 544 U.S. at 413-14. See also Artuz v. Bennett, 531 U.S. 4, 8 (2000)(finding that time limits on state PCR petitions are "condition[s] to filing," such that an untimely PCR petition would not be deemed "properly filed"); Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998)(a properly filed state petition is one "submitted according to the state's procedural requirements, such as the rule governing the time and place for filing"). Thus, a state PCR petition filed after a time limit, and not fitting into any exceptions to that time limit, is not a properly filed application for purposes of statutory tolling under § 2244(d)(2). Pace, 544 U.S. at 413-14.

Here, Lazarovich's second state PCR petition was filed before the expiration of the federal limitations period, but did not toll the limitations period because it was not properly filed under state law. See Pace, 544 U.S. at 417(where a state court rejected petitioner's PCRA petition as untimely, it was not "properly filed" and petitioner was not entitled to statutory tolling under § 2244(d)(2)); Satterfield v. Johnson, 434 F.3d 185, 192 (3d Cir. 2006)(untimely filing prevents tolling as it is a flaw going to "the application of relief itself")[8]; Merritt v.

---

[8] "Untimely filing, absence of jurisdiction, failure to pay fees, and failure to obtain a requisite certificate of appealability are all examples of flaws going to the application for relief itself." Satterfield, 434 F.3d at 192 (citing Pace, 544 U.S. at 414-15). These requirements foreclose statutory

13

Blaine, 326 F.3d 157 (3d Cir. 2003)(an untimely PCRA petition does not toll the federal limitations period, even where the petitioner sought to pursue his PCRA under a statutory exception to the PCRA's time bar). See also Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004). Because the New Jersey courts have already determined that Lazarovich's second PCR petition was untimely, "it would be an undue interference for [the federal court] to decide otherwise." Merritt, 326 F.3d at 168; Fahy, 240 F.3d at 243-44.

In this case, the state appellate court expressly ruled that Lazarovich's second state PCR petition was untimely. The court stated:

> Here, all but one of the issues raised in the second PCR application had been raised and considered in his prior appeals. They are thereby barred by R. 3:22-5, because there has been a prior adjudication of those issues on the merits, and by R. 3:22-12(a), because defendant has failed to establish excusable neglect. See State v. Goodwin, 173 N.J. 583, 594 (2002). Considering the extent and cause of the delay, the prejudice to the State and the importance of the defendant's claim, State v. Mitchell, 126 N.J. 565, 580 (1992), we also find no basis for relaxation of the time bar in the interests of justice. It is over fifteen years after defendant's conviction and clearly these issues could have (and most have) been raised prior to the second PCR application. See State v. Merola, 365 N.J. Super. 82, 84 (App. Div. 2003), certif. denied, 179 N.J. 312 (2004).

(Ra21, February 2, 2006 Appellate Division Order and Supplemental on the State's motion for summary disposition, at pg. 3).

---

tolling because they "go to the very initiation of a petition and a court's ability to consider that petition ...." Id. (citing Pace, 544 U.S. at 417).

14

Therefore, it would appear that there was no statutory tolling under § 2244(d)(2) with respect to Lazarovich's second state PCR application because the state court clearly determined that the application was untimely and that petitioner demonstrated no exceptions (such as excusable neglect) to the time limit imposed under R. 3:22-12(a).

Lazarovich argues in his traverse (Docket Entry No. 14) that there is a "long-standing federal policy of requiring habeas applicants to exhaust state-court remedies prior to initiating suit in federal court," and that accordingly, his second PCR application was "an available and rightful approach, necessary to resolve uncertainties" of the first state PCR proceedings before filing his federal habeas petition.[9] A similar argument was declined by the Supreme Court in Pace. There, the Supreme Court observed that "a state prisoner could toll the statute of

---

[9] Lazarovich argues that it was necessary to file a second PCR petition because the claims he raised in his 1993 application were not part of the record in the first PCR proceedings. He suggests that the State interfered with the first PCR record. Specifically, the State had filed a motion to strike portions of Lazarovich's supplemental appendix from the first PCR record. These items included notes from a DYFS agent that trial counsel failed to call to testify at trial, which were part of Lazarovich's motion for disposition and for modification of his sentence filed in 1993. However, this Court notes that, in the Appellate Division's October 30, 2003 Opinion affirming denial of the first PCR petitions, the Appellate Division referred to the claims raised by Lazarovich in his 1993 applications. There seems to be no merit to petitioner's contention that all the claims raised by him pro se, or by counsel, were not reviewed by the Appellate Division or by the PCR court.

limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay." 544 U.S. at 413. Consequently, this Court finds that Lazarovich's untimely second PCR petition did not serve to toll the limitations period under § 2244(d)(2). The federal limitations period began to run on February 19, 2004, and expired on February 18, 2005, more than a year before Lazarovich filed his present § 2254 habeas petition on May 3, 2006.

However, Lazarovich further argues in his traverse that equitable tolling applies. Lazarovich contends that the State interfered with his first PCR record and had his first 1993 application removed from the record. Thus, he argues that had there been no interference, he would have filed a habeas petition in federal court rather than return to state court on a second PCR application to restate the grounds raised in his first PCR petition. Lazarovich asserts that these events warrant equitable tolling on the three grounds set forth in Jones v. Morten, 195 F.3d 153 (3d Cir. 1999), in that: (1) the State actively misled petitioner; (2) petitioner has in some extraordinary way been prevented from asserting his rights; or (3) petitioner timely asserted his rights mistakenly in the wrong forum. 195 F.3d at 159.

16

The Court has carefully reviewed the record with respect to the state court PCR proceeding, and finds no basis for petitioner's claim that his first PCR application was stricken from the record. Lazarovich's March 4, 1993 pro se application was acknowledged by the Appellate Division on appeal from denial of the first PCR applications. The court noted that petitioner's first application had been referred to the Office of the Public Defender, which led to the filing of the later applications in the first PCR proceedings asserting ineffective assistance of counsel and prosecutorial misconduct. (Ra8, October 30, 2003 Appellate Division Opinion at pg. 5 and fn. 3). It is plain from review of the record that all of petitioner's claims were reviewed and rejected by the state court.[10] Therefore, the Court

---

[10] The March 4, 1993 application raised six claims: (1) violation of due process when prosecutor increased the charges by superseding indictment after petitioner had applied for disposition of detainer; (2) petitioner denied full and fair hearing when prosecutor presented testimony of the co-defendant without providing a copy of the transcript of that co-defendant's testimony at an earlier hearing in a related case; (3) violation of his Sixth Amendment rights when trial court limited examination of co-defendant's abrogated plea agreement with Massachusetts prosecutors and letters from co-defendant to defendant, for purposes of impeachment; (4) right to due process was violated when co-defendant's allegedly false testimony was introduced and allowed to go uncorrected; (5) violation of Sixth and Fourteenth Amendments because deliberating jury improperly considered the victim's injuries sustained in Massachusetts in reaching their verdict, despite several warnings and curative instructions by the trial court; and (6) the cumulative and combined effect of these errors served to unduly prejudice petitioner, and thereby denied him a fair and impartial trial as guaranteed by the Sixth and Fourteenth Amendments. These claims were mostly reiterated in Lazarovich's pro se supplemental brief

finds no extraordinary circumstances to warrant equitable tolling in this case.

At best, it would appear that Lazarovich failed to consider the time restrictions that prohibit the filing of state PCR petitions more than five years after entry of the judgment of conviction. In this case, judgment of conviction was already 15 years old at the time Lazarovich made his second state PCR application. Thus, it would seem that Lazarovich was not aware of the state law time limitations in bringing his second PCR petition. Ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001). Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law. Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); see also Jones, 195 F.3d at 159-60.

Further, as much as Lazarovich may argue the point, this case does not present an instance where state law and federal exhaustion law created a "trap" for Lazarovich on which he detrimentally relied as his federal time limit expired. The

---

submitted on appeal from denial of the first PCR motions. The appellate court noted that most of these claims were raised or should have been raised on direct appeal, and that the issues raised were without sufficient merit to warrant extensive discussion in a written opinion. (Ra8, October 30, 2003 Appellate Division Opinion at pp. 10, 14-15).

claims raised in his second PCR application were admittedly raised in the first PCR proceedings, and the record clearly shows that all claims were rejected. Thus, a more prudent approach to avoid a predicament which it appears Lazarovich may have been aware, Lazarovich could have filed a "protective" federal habeas petition asking the federal court to "stay and abey" the federal habeas proceedings until state court remedies are exhausted. Pace, 544 U.S. at 416 (citing Rhines v. Weber, 544 U.S. 269 (2005)). Instead, he chose to delay federal habeas review by filing a second, untimely state PCR petition raising the same issues litigated in the first state PCR proceedings.

Therefore, because Lazarovich fails to demonstrate any extraordinary circumstances that would permit the equitable tolling of the one-year statute of limitations, his habeas petition must be dismissed accordingly as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it

19

debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

For the reasons discussed above, this § 2254 habeas petition is clearly time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

## CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d); and the Court will dismiss as moot petitioner's motion for appointment of counsel. No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). An appropriate order follows.

*Noel L. Hillman*
NOEL L. HILLMAN
United States District Judge

Dated: February 20, 2007
At Camden, New Jersey